UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JOSEPH OJO and ANTHONY OLANIYI,

                             Plaintiffs,

       -against-

CITY OF NEW YORK, JUSTIN SOLOMON, Individually,
ANDREW BABAJKO, Individually, JASON DEONARINESINGH,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                             Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 5526
(PKC)(MDG)

Jury Trial Demanded

      Plaintiffs JOSEPH OJO and ANTHONY OLANIYI, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiffs assert supplemental state law claims pursuant to common law and the New York State Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JOSEPH OJO is a nineteen year old African American man residing in Staten Island, New York.

7.     Plaintiff ANTHONY OLANIYI is an eighteen year old African American man residing in Brooklyn, New York.

8.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, JUSTIN SOLOMON,  ANDREW BABAJKO, JASON DEONARINESINGH, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  At all relevant

2

times, defendant DEONARINESINGH held the supervisory rank of NYPD Sergeant, and is sued in his capacity as an officer as well as a supervisor responsible for the conduct of those under his supervision.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On June 22, 2013, at approximately 12:30 a.m., in front of 530 Forest Avenue, Staten Island, New York, defendant NYPD police officers, including but not limited to Officers JUSTIN SOLOMON and ANDREW BABAJKO, and Sergeant JASON DEONARINESINGH, unjustifiably participated in assaulting plaintiffs JOSEPH OJO and ANTHONY OLANIYI and arresting plaintiff OJO without just cause to do so.

14.     In particular, a defendant officer approached plaintiff OJO, shoved plaintiff OJO, and told him to get off the block.

15.     Plaintiff responded, in sum and substance, okay, do not touch me.

16.     In response, the defendant officer stated, in sum and substance, what the fuck are you going to do about it, and continued to shove plaintiff.  The defendant officer then grabbed plaintiff OJO's left arm and punched plaintiff in the face.

3

17.     The officer pushed plaintiff OJO to the ground, and together with other officers, continued to assault plaintiff by striking him about the head, back, arm, and hip with batons and/or fists.

18.     While the officers were beating plaintiff they called plaintiff a stupid nigger and told him to shut the fuck up.

19.     Plaintiff briefly lost consciousness.

20.     A defendant officer also unlawfully assaulted plaintiff OLANIYI by striking him in the knee with a baton and/or ASP retractable baton.

21.     After assaulting plaintiffs, the officers handcuffed plaintiff OJO, imprisoned him in a police vehicle, and transported him to the 120th police precinct stationhouse.

22.     The defendant officers imprisoned plaintiff OJO until the afternoon of June 22, 2013, when he was arraigned on baseless charges filed in Richmond County Criminal Court under docket number 2013RI005030; said charges having been filed based on the false allegations of defendant JUSTIN SOLOMON.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff OJO for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid disciplinary action for the above described acts of brutality.

23.     Defendant SOLOMON created and manufactured false evidence against plaintiff OJO which he conveyed to the Richmond District Attorney's Office, who used same against plaintiff OJO in said legal proceeding.  Specifically, defendant SOLOMON swore to false allegations that plaintiff OJO was purportedly acting disorderly, obstructed governmental administration, and resisted arrest.

4

24. At plaintiff's arraignment, all of the false charges filed against plaintiff OJO were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

25. Defendants SOLOMON, BABAJKO, DEONARINESINGH, and JOHN and JANE DOE 1 through 10, either directly participated in the foregoing misconduct or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

26. Defendant DEONARINESINGH, who held the rank of sergeant, supervised defendants SOLOMON, BABAJKO, and the other officers involved in the incident, conferred with them regarding the incident, and conspired with them to cover-up the incident by among other acts, approving and/or authorizing the arrest, and failing to notify Internal Affairs that plaintiff had been subjected to a use of force and sustained injuries in police custody, despite an affirmative obligation to do so.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, a practice of employing excessive force, and due to discrimination against plaintiffs based on their race.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, disproportionately use force and arrest individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification.

29.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiffs JOSEPH OJO AND ANTHONY OLANIYI sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Deprivation of Rights Under 42 U.S.C. § 1983)

32.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiffs JOSEPH OJO and ANTHONY OLANIYI, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

6

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants arrested plaintiff JOSEPH OJO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     Defendants caused plaintiff JOSEPH OJO to be falsely arrested and unlawfully imprisoned.

42.     As a result of the foregoing, plaintiff JOSEPH OJO is entitled to compensatory

7

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

43.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs JOSEPH OJO and ANTHONY OLANIYI'S constitutional rights.

45.    As a result of the aforementioned conduct of defendants, plaintiffs JOSEPH OJO and ANTHONY OLANIYI were subjected to excessive force and sustained physical injuries.

46.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendants created false evidence against plaintiff JOSEPH OJO.

49.    Defendants utilized this false evidence against plaintiff JOSEPH OJO in legal a proceeding.

8

50.     As a result of defendants' creation and use of false evidence, plaintiff JOSEPH

OJO suffered a violation of his constitutional right to a fair trial, as guaranteed by the United

States Constitution.

51.     As a result of the foregoing, plaintiff JOSEPH OJO is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants maliciously issued criminal process against plaintiff JOSEPH OJO by

causing him to appear in Richmond County Criminal Court.

54.     Defendants caused plaintiff JOSEPH OJO to appear in order to obtain a collateral

objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their

illegal conduct.

55.     As a result of the foregoing, plaintiff JOSEPH OJO is entitled to compensatory

damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants had an affirmative duty to intervene on behalf of plaintiffs JOSEPH OJO and ANTHONY OLANIYI, whose constitutional rights were being violated in their presence by other officers.

58.    The defendants failed to intervene to prevent the unlawful conduct described herein.

59.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI were subjected to excessive force, their liberty was restricted for an extended period of time, and they were put in fear of their safety, humiliated, subjected to handcuffing, and imprisoned without probable cause.

60.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

61.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    The defendants seized, assaulted, battered, and detained plaintiffs JOSEPH OJO and ANTHONY OLANIYI, because of their national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

63.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI were deprived of their rights under the Equal Protection Clause of the United States Constitution.

64.     As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     The supervisory defendants personally caused plaintiffs JOSEPH OJO and ANTHONY OLANIYI'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

67.     As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70.     The aforementioned customs, policies, usages, practices, procedures and rules of

11

the City of New York Police Department included, but were not limited to, using excessive force, disproportionately using excessive force and arresting individuals due to discrimination against them based on their race and/or nationality, failing to notify Internal Affairs and/or otherwise reports uses of force despite an obligation to do so, and engaging in a practice of falsification.

71.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs JOSEPH OJO and ANTHONY OLANIYI'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JOSEPH OJO and ANTHONY OLANIYI.

73.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JOSEPH OJO and ANTHONY OLANIYI as alleged herein.

74.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the

Constitutional violations suffered by plaintiffs JOSEPH OJO and ANTHONY OLANIYI as alleged herein.

75.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs JOSEPH OJO and ANTHONY OLANIYI were detained, subjected to excessive force, and imprisoned without probable cause.

76.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JOSEPH OJO and ANTHONY OLANIYI'S constitutional rights.

77.     All of the foregoing acts by defendants deprived plaintiffs JOSEPH OJO and ANTHONY OLANIYI of federally protected rights, including, but not limited to, the right:

> A.     Not to be deprived of liberty without due process of law;
>
> B.     To be free from the use of excessive force and/or the failure to intervene;
>
> C.     To be free from seizure and arrest not based upon probable cause;
>
> D.     To be free from malicious abuse of process;
>
> E.     To be free from deprivation of their right to a fair trial; and
>
> F.     To receive equal protection under law.

78.     As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

13

### Supplemental State Law Claims

79.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

81.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

82.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

83.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

84.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A TENTH CAUSE OF ACTION
#### (False Arrest under the laws of the State of New York)

85.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Defendants arrested plaintiff JOSEPH OJO without probable cause.

87.     Plaintiff JOSEPH OJO was detained against his will for an extended period of time and subjected to physical restraints.

88.     As a result of the aforementioned conduct, plaintiff JOSEPH OJO was unlawfully

imprisoned in violation of the laws of the State of New York.

89.    As a result of the aforementioned conduct, plaintiff JOSEPH OJO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90.    As a result of the foregoing, plaintiff JOSEPH OJO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

91.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.    As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

93.    As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

95.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

15

paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96.     Defendants made offensive contact with plaintiffs without privilege or consent.

97.     As a result of defendants' conduct, plaintiffs have suffered physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

98.     As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

99.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100.     Defendants issued criminal process against plaintiff JOSEPH OJO by causing him to be arrested, and requiring his appearance in Richmond County Criminal Court.

101.     Defendants compelled plaintiff's appearances to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their use of excessive force and abuse of authority.

102.     As a result of the foregoing, plaintiff JOSEPH OJO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

16

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

103.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

105.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

106.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

107.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

108.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

109.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

110.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

17

paragraph numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

112.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

113.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the acts of misconduct alleged herein.

116.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

117.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

119.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

120.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

122.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §11)

123.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "122" with the same force and effect as if fully set forth

herein.

124.    As a result of defendants' conduct, plaintiffs were deprived of their right to equal

protection of laws.

125.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12)

126.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

paragraphs numbered "1" through "125" with the same force and effect as if fully set forth

herein.

127.    As a result of defendants' conduct, plaintiffs were deprived of their right to

security against unreasonable searches, seizures, and interceptions.

128.    As a result of the foregoing, plaintiffs JOSEPH OJO and ANTHONY OLANIYI

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JOSEPH OJO and ANTHONY OLANIYI demand judgment

and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

        by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 20, 2015

                          LEVENTHAL & KLEIN, LLP
                          Attorneys for Plaintiffs JOSEPH OJO and
                          ANTHONY OLANIYI
                          45 Main Street, Suite 230
                          Brooklyn, New York 11201
                          (718) 722-4100

                          By:   _____
                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JOSEPH OJO and ANTHONY OLANIYI,

                                     Plaintiffs,

           -against-

CITY OF NEW YORK, JUSTIN SOLOMON, Individually,
ANDREW BABAJKO, Individually, JASON DEONARINESINGH,
Individually, and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                     Defendants.

---------------------------------------------------------------------------------X

14 CV 5526
(PKC) (MDG)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100